I recognize that the question of when a person discovered or reasonably should have discovered that a cause of action existed can be a question of fact for a jury to resolve, but the facts of this case show, without any question, that the plaintiffs here did not file their action within the time allowed by law.
The record shows, without dispute, that in June 1989, twenty months after Mrs. Wright had seen Dr. Mills and within the statutory period for filing a malpractice action, Mr. and Mrs. Wright contacted the Alabama Dental Association to make a complaint against Dr. Mills. By that time, both had read dental literature on the subject and, in March 1989, had consulted an attorney in order to begin legal proceedings.
They sent a handwritten letter to the Dental Association in which they outlined their complaint against Dr. Mills. The Dental Association sent them forms to complete, and the Wrights completed the forms and mailed them back to the Association.
It is undisputed that during the two-year period of limitations, and by July 10, 1989, the date on which Mrs. Wright made the written complaint to the Dental Association, *Page 183 
she already had learned how to file a complaint and knew that the procedures used by Dr. Mills were questionable, without a doubt. She knew, according to her own testimony, that Dr. Mills was guilty of malpractice, because she had telephoned Dr. Mills within the two-year period of limitations, and had accused him of having "committed mutilation in her mouth," of giving "treatment which was all wrong," and of "slaughtering her mouth." During that telephone conversation, Dr. Mills himself admitted fault and admitted that he should have referred her to a specialist.
Ala. Code 1975, § 6-5-482(a), provides, in part, that "[a]ll actions against . . . dentists . . . for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is notdiscovered and could not reasonably have been discovered withinsuch period, then the action may be commenced within six monthsfrom the date of such discovery or the date of discovery offacts which would reasonably lead to such discovery, whicheveris earlier. . . ."
If there was ever a case in which the facts show, as a matter of law, that the suit was not filed within the prescribed time, this is the case. The trial judge was right to enter the summary judgment.